09-1105-ag
Su v. Holder

BIA
Gordon-Uruakpa, IJ
A098 712 633

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of April, two thousand ten.

PRESENT:

>     DENNIS JACOBS,
>         *Chief Judge*,
>     JOHN M. WALKER, Jr.,
>     GERARD E. LYNCH,
>         *Circuit Judges*.

_____

YUN XIONG SU,

>     Petitioner,

>     v.                                     09-1105-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

>     Respondent.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Wendy Benner-León,

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yun Xiong Su, a native and citizen of the People's Republic of China, seeks review of a March 5, 2009, order of the BIA affirming the January 18, 2007, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Xiong Su*, No. A098 712 633 (B.I.A. Mar. 5, 2009), *aff'g* No. A098 712 633 (Immig. Ct. N.Y. City Jan. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Administrative findings of fact, including credibility determinations, are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v.*

*U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In finding Su not credible, the agency reasonably relied on the fact that, although Su testified that police took him to a private clinic for treatment after beating him, this detail was not present in his asylum application or supporting letters from his father and wife. The agency reasonably found that these omissions reflected negatively on Su's credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (permitting the agency to base an adverse credibility determination on the "consistency between the applicant's . . . written and oral statements," when viewed in light of the totality of the circumstances); *Xiu Xia Lin*, 534 F.3d at 167 (stating that this Court

"defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling").

The IJ's credibility determination finds further support in Su's inconsistent testimony regarding why police took him to a private clinic and not a government hospital. Although Su plausibly asserts that his testimony was not necessarily inconsistent, we cannot find that the IJ's conclusion was either implausible or illogical. *See Siewe v. Gonzales,* 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal quotations and citations omitted)).

Finally, the IJ did not err in relying on the testimony of a forensic expert in declining to accord evidentiary weight to a document purporting to be a medical record of Su's wife's IUD insertion. Had the IJ concluded that Su was not credible because he submitted a fraudulent document, she would have been required first to find that he knew the

4

document was fraudulent. *See Corovic v. Mukasey*, 519 F.3d 90, 97-98 (2d Cir. 2008). But she did not. Rather, the IJ simply determined that the document did not merit evidentiary weight, a matter squarely within her discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence, and we need not reach Su's challenge to the agency's alternative finding that he failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. Thus, the agency properly denied Su's application for asylum and withholding of removal because both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); 8 C.F.R. § 208.13(b). The agency also properly denied Su's CAT claim because he failed to demonstrate that he would be imprisoned upon return to China, given that he was not currently in violation of China's population control policy and because he failed to demonstrate that he departed China illegally. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (finding that eligibility for CAT

5

relief required the applicant to demonstrate that someone in his "particular alleged circumstances" is more likely than not to be tortured if returned to his country of origin).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk